14951

EASLER *ET AL.* v. MAYBANK, GOVERNOR

(5 S. E. (2d), 288)

September, 1939.

*Messrs. Donald Russell, Rufus M. Ward* and *R. B. Paslay,* for petitioners,

*Messrs. John M. Daniel, Attorney General, J. Ivey Humphrey* and *M. J. Hough. Assistant Attorneys General,* for respondent,

*Messrs. J. Davis Kerr* and *Osborne, Butler & Moore* as *amicus curiae,*

October 30, 1939.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

By permission this action was commenced in the original jurisdiction of this Court seeking a writ of mandamus directed to Honorable Burnet R. Maybank, as Governor of the State of South Carolina, to compel him to order an election for school trustees in Saxon School District No. 70, Spartanburg County, in accordance with the provision contained in Section 2330 of the Code of 1932.

The "issue" involved as stated by petitioners is: "Does Section 2330 of the South Carolina Civil Code 1932, construed in connection with 40 St. at Large, p. 1775, make it mandatory upon the Governor to call a new election, where the first election held was declared void by this Court, and such fact is brought to the attention of the Governor?"

The *amicus curiae* brief permitted to be filed, subdivides the "issue" as follows:

"(1) Does Section 2330 of the 1932 Code impose upon the Governor a ministerial or a discretionary power in conditions provided for by said section?

"(2) Does Section 2330 apply to elections for school trustees in Spartanburg County under Act No. 872 of the Acts of the Legislature of 1938?"

A brief history of the litigation growing out of the passage of Act 872 of the Acts of the Legislature of 1938, and the attempted election by authority thereof of trustees for the school district here involved may be garnered from the cases of *Hawkins et al. v. Carroll et al.,* 190 S. C., 11, 1 S. E. (2d), 898, and *Corn et al. v. Blackwell et al.,* 191 S. C., 183, 4 S. E. (2d), 254. We shall undertake not to repeat.

Promptly after the decision of this Court in the *Corn-Blackwell case,* petitioners and a large number of other qualified voters of Saxon School District filed with respondent in his official capacity a petition reciting the facts in the case and calling his attention to the decision of this Court declaring the election which had been held, void, and re-

quested that he order another election as provided for in Section 2330 of the Code of 1932. This he has declined to do. Let us here state, parenthetically, we do not understand from the oral arguments before the Court that respondent is averse to ordering a new election if the act of ordering such election is purely ministerial on his part.

We are not here concerned with any other portion of the statute (2330) than that which commands, under certain stated contingencies, the Governor "shall * * * order an election, or a new election."

We quote so much of Section 2330 as relates to the issue or issues herein to be discussed. "When Governor to Order New Election.—Whenever any election official or officials of any political sub-division of this State, charged with order-ing, providing for or holding an election, has or have ne-glected, failed or refused to order, provide for, or hold said election at the time appointed therefor; or in the event said election shall result in a tie vote leaving the matter at issue undecided; or in the event said election shall for any reason be declared void by competent authority; should any of these facts be made to appear to the satisfaction of the Gov-ernor, he shall (should the statute not otherwise provide for such a contingency) order an election, or a new election to be held * * *."

The contingency which arises in this case is, "in the event said election shall for any reason be declared void by com-petent authority." The statute continues, "should any of these facts be made to appear to the satisfaction of the Gov-ernor, he shall (should the statute not otherwise provide for such a contingency) order an election, or a new election to be held * * *."

That the Governor of South Carolina is subject to a writ of mandamus to compel the performance of a purely ministerial duty is no longer a controversial question. See *Blalock v. Johnston,* 189 S. C., 40, 185 S. E., 51, 105 A. L. R., 1115. Indeed, as hereinbefore indi-cated, the respondent does not raise such issue. The issue

raised is that Section 2330 makes it discretionary since it provides that one of the contingencies therein enumerated must "be made to appear to the satisfaction of the Governor." This is just another case where the facts govern the law. The Legislature never intended that a Governor could close his eyes to an admitted fact and say that such fact had not been made to appear to his satisfaction. Respondent was advised of the holding of this Court that the election for trustees of Saxon School District attempted to be held on March 24, 1939, was null and void. The petition herein so alleges, and the return of respondent admits it. The case (*Corn et al. v. Blackwell et al., supra*), holding the election to be null and void, is a public record. So that, insofar as this case is concerned, the words "to the satisfaction of the Governor" may be treated as not being in the statute.

We can reach no other conclusion, under the admitted facts of this case, than that the ordering of a new election for trustees of Saxon School District is purely a ministerial duty of the respondent unless the statute authorizing such election (Act No. 872 of the Acts of the Legislature of 1938, 40 St. at Large, p. 1775) otherwise provides for the contingency which has arisen, or that the election of trustees provided for by said Act of 1938 is not such an election as is encompassed by Section 2330 of the Code, or that the time limit for the holding of the election prevents a new election being held.

The Act of 1938 conferred upon the qualified electors of Saxon School District No. 70, Spartanburg County, upon complying with certain conditions, the right and privilege of selecting the trustees for said school district at an election. The conditions were met and the election was held within the time limit of the statute, but declared void because the secrecy of the ballot had by inadvertence been violated.

A school district is a political subdivision of the State. Act No. 872 (the Act under discussion) contains no statement either expressly or by implication that the general law relating to elections should not be

given effect, and, as is very specifically held in the case of *Becknell v. Waters*, 156 S. C., 77, 152 S. E., 816, under such circumstances effect must be given to the general law. (The foregoing sentence is adopted from petitioners' brief.) This principle was followed in *Corn v. Blackwell, supra.* Section 2330 of the Code in direct terms embraces elections in political subdivisions of the State.

Every contingency enumerated in Section 2330 has been provided for by the Act of 1938, except the one where the election is held, but declared void by competent authority, or that is, by this Court. This is the contingency upon which the respondent has been requested to act. Therefore it comes squarely within the terms of the Code section, not being embraced in the exception appearing in parenthesis.

We consider it unnecessary to discuss the position that a void election is tantamount to no election. Our statute law recognizes and makes the distinction between the failure to hold an election, and an election which has been held, but declared void.

The 1938 statute declares a vacancy in the office of trustee of school districts as of April 3, 1939, and directs how an election for trustees for school districts in Spartanburg County, except District No. 34, may be had, and upon these conditions being complied with the county board of registration notifies the board of trustees of the respective districts to call an election to be held on or before March 28th of such year.

The position that the time limit for the holding of the election prevents a new election being held (*amicus curiae* brief) appears to be settled adversely to such position by this Court in *State ex rel. Harrelson v. Williams, Mayor, et al.,* 157 S. C., 290, 295, 154 S. E., 164, 166, from which we quote: "The further position is taken that, as the statute fixes the time for the holding of the election for mayor and aldermen, this court has no power to issue a mandamus requiring the election to be held on some other date. There is no question about the fact that this court does not have

the power to change the date fixed by statute for a general election, but, where the election is held and is void or invalid for some reason, the inherent power rests in some tribunal to remedy this defect. Suppose the town council of Mullins, upon whom the duty is placed by statute to hold the election, would refuse to hold it at the proper time. They could by this method perpetuate themselves in office. Suppose the mayor of the town council would die, could it be contended that no election could be held to fill this vacancy? There is no question about the proposition of law laid down by respondents that the town council of Mullins would have no right to arbitrarily change the date fixed by statute for the holding of the general election, but this court has power to compel an election where there is a vacancy, as in this case, and where an election is necessary to fill such vacancy."

The holding of the Court is limited to the issue before it. We can only issue a writ of mandamus directed to respondent requiring him to order an election for trustees of Saxon School District No. 70, Spartanburg County. The time and the place for the holding of the election, the notice thereof to be given, and the election officials to be appointed and placed in charge of the election are all entirely within respondent's discretion. Even be this so, we are not prepared to subscribe to the theory or suggestion of *amicus curiae* that in issuing the writ this Court may be doing a futile thing because respondent may not direct the election to be held until January, 1941. Respondent is no doubt, equally with this Court, striving to execute the law of the State impartially without regard to personnel; and in good conscience. It could also be argued that because this Court has no power to enforce its writ when directed to the chief executive of the State, we should not issue the writ as it may be a futile gesture.

For the reasons above stated, the judgment of the Court is that the prayer of the petitioners be granted, and that a writ of mandamus do issue from this Court requiring and commanding the respondent to order a new election for

trustees of Saxon School District No. 70, Spartanburg County, to be held at such time and place, and upon such notice thereof as to him may seem adequate to insure the will of the electorate being fairly expressed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BONHAM and FISHBURNE concur.