## 48120. RARY v. GUESS.

EBERHARDT, Presiding Judge. 1. The Election Code (Code Title 34) sets forth procedures for conducting elections in districts using paper ballots (Code §§ 34-1315 through 34-1326), voting machines (Code §§ 34-1327 through 34-1334), and vote recorders (Code §§ 34-1335 through 34-1338). In paper ballot districts the ballots are generally hand counted (Code § 34-1322), and in the event the elector marks his paper ballot in an irregular manner his vote is nevertheless counted if he "has indicated clearly and without question the candidate for whom he desires to cast his vote." Code § 34-1324.

In vote recorder districts, however, the returns of the votes cast on ballot cards are printed by a tabulating machine, to which are added the absentee and write-in votes. Code § 34-1338. In the event a ballot card is "so torn, bent or mutilated that it may not be counted by the tabulating machine" it is classified as a "defective ballot" (Code § 34-1336 (h)) and may be counted "in the same manner as paper ballots are counted" (Code § 34-1338 (a) (iii)), which includes the counting under Code § 34-1324, supra, of irregularly marked ballots from which voter intention can be determined.

There is, however, no similar provision authorizing a hand count and determination by election officials of voter intent with regard to nondefective ballots voted by means of vote recorders. Hence in the absence of statutory authority and in the absence of allegations or proof of fraud, misconduct by election officials, improper functioning of vote recorders or tabulating machines, etc., a court, in an election contest, is not bound, under Code Ann. § 81A-126 (b) (1) and Code § 34-1706 (b), to require the inspection

or hand count of nondefective ballots voted by means of vote recorders. Where such a ballot records a "no-vote" on the tabulating machine for a particular office because of the voter's failure to vote for any candidate for that office, or because of the voter's failure to utilize properly the vote recorder by punching out the "chad" with the instrument provided, the voter has disenfranchised himself with regard to that office. Cf. *Blackburn v. Hall*, 115 Ga. App. 235 (154 SE2d 392); *Nobles v. Osborne*, 124 Ga. App. 454 (184 SE2d 207).

2. The question of whether the successful candidate practiced law for three years next preceding his election within the meaning of Code Ann. § 24-1711.1 and Code Ann. § 9-401 is a mixed question of law and fact, and the trial court, as trior of the law and fact, determined this question in the affirmative. The evidence is sufficient to support this determination, and no error of law appearing, the finding is affirmed.

*Judgment affirmed. Pannell and Stolz, JJ., concur.*

Argued May 2, 1973 — Decided May 15, 1973.

*Tom Pye, Lewis M. Groover, Jr.,* for appellant.

*Powell, Goldstein, Frazer & Murphy, Eugene G. Partain, James H. Keaten, Daniel M. Coursey, Jr., Russell & Nardone, A. Joseph Nardone,* for appellee.

*Arthur K. Bolton, Attorney General, Timothy J. Sweeney, H. Andrew Owen, Jr., Assistant Attorneys General,* amicus curiae.