### 22903

Thomas L. MOORE, as a member of the Edgefield County Legislative Delegation, and John W. Pettigrew, Jr., as a citizen, elector and taxpayer of Edgefield County and as a member of the Edgefield County Legislative Delegation, Respondents v. Addison G. WILSON, as Chairman of the Joint Legislative Delegation of Highway District No. Eleven; Jarvis R. Klapman, as Secretary of the Joint Legislative Delegation of Highway District No. Eleven, Ryan C. Shealy, Nikki G. Setzler, John H. Burris, Paul W. Derrick, John G. Felder, Larry L. Koon, Charles R. Sharpe and C. Lenoir Sturkie as Lexington County members of the Joint Legislative Delegation of Highway District No. Eleven; John Drummond and Jennings G. McAbee as McCormick County members of the Joint Legislative Delegation of Highway District No. Eleven; Thomas H. Pope, III and Larry E. Gentry as Saluda County members of the Joint Legislative Delegation of Highway District No. Eleven; John T. Campbell as Secretary of State of South Carolina; and Clark DuBose as State Highway and Public Transportation Commissioner, District No. Eleven, Defendants, Of whom Addison G. Wilson, Ryan C. Shealy, Larry L. Koon, and Clark DuBose are Appellants. Appeal of Addison G. WILSON, Ryan C. Shealy, Larry L. Koon and Clark DuBose.

---

(372 S. E. (2d) 357)

Supreme Court

Rehearing denied ___ S. C. ___, 372 S. E. (2d) 360.

*Richard J. Breibart* of *Coleman, Sawyer, Breibart & Mc-Cauley,* Lexington, *for appellant Clark DuBose.*

*S. Jahue Moore* of *Kirkland, Taylor, Wilson, Moore, Allen & Deneen, P.A.,* West Columbia, *for appellant Addison G. Wilson.*

*William L. Todd* of *S. C. Dept. of Highways and Public Transp.,* Columbia, *for appellants Ryan C. Shealy* and *Larry L. Koon.*

*Cameron M. Currie,* Columbia, *for respondents.*

Heard Aug. 17, 1988.

Decided Aug. 29, 1988.

*Per Curiam:*

This case arises out of the election of appellant Clark DuBose as highway commissioner for Highway District Eleven. The circuit court found DuBose was not validly elected, enjoined him from performing any acts as highway commissioner and ordered the joint legislative delegation to hold a meeting to elect a new commissioner. We affirm.

The District Eleven joint delegation is comprised of Edgefield County's two (2) legislators, Lexington County's ten (10) legislators, McCormick County's two (2) legislators and Saluda County's two (2) legislators. On May 20, 1987, the members of the District Eleven joint delegation met to elect a highway commissioner. Pursuant to S. C. Code Ann. § 57-3-240 (Supp. 1987), the commissioner was to come from Edgefield County and the Edgefield County Delegation was to "nominate at least three suitable persons for the office, one of whom shall be elected district highway commissioner by a majority vote of the members of the county legislative delegations representing the district."

After a chairman and a secretary had been selected, appellant Shealy proposed rules to regulate the nomination of candidates and voting. The proposed rules provided that the Edgefield Delegation would initially nominate candidates. However, the rules would allow members of the joint delegation to vote for Edgefield County residents who were not nominated by the Edgefield Delegation. If, after two ballots, no one nominated by the Edgefield Delegation had received a majority of the votes, the Edgefield Delegation would be required to add to the list of their nominees the name of the person who had received the most write-in votes. Voting would thereafter continue until one of the nominees received a majority of the votes.

Although the Edgefield Delegation objected to the pro-

posed rules on the ground they violated the applicable statutes, they were adopted by a majority of the joint delegation. The Edgefield Delegation withdrew from the meeting in protest after their continued objections to the procedure were overruled and their motion to adjourn was defeated. The remaining members of the joint delegation then cast ballots, and DuBose was elected highway commissioner on the first ballot. The Secretary of State issued the certificate of election to DuBose and this suit followed.

Appellant Wilson argues the circuit court erred in finding the rules adopted by the joint legislative delegation for regulating the election were invalid and illegal. We disagree.

Under S. C. Code Ann. § 57-3-220 (1976), the joint delegation "shall, subject to the provisions of § 57-3-240, adopt such rules as they deem proper for the election." Under § 57-3-240 the Edgefield Delegation had the responsibility to nominate three persons for the position of highway commissioner and the District Eleven joint delegation was required to elect one of those nominees as highway commissioner.

The rules adopted by the joint delegation allowed for the nomination and election of a person not nominated by the Edgefield Delegation, in direct conflict with the plain language of § 57-3-240. In our opinion, the circuit court correctly held the rules adopted by the joint delegation were invalid.

The appellants all argue the circuit judge erred in failing to find the Edgefield Delegation waived their right to nominate candidates by withdrawing from the meeting and are therefore estopped from challenging the results of the election. We disagree.

A waiver is a voluntary relinquishment of a known right, claim or privilege. *Sims v. Ham*, 275 S. C. 369, 271 S. E. (2d) 316 (1980); *Birchmore v. State Board of Canvassers*, 78 S. C. 461, 59 S. E. 145 (1907). In our opinion, the Edgefield Delegation's continued objections and ultimate withdrawal were not a relinquishment of their right to challenge the election but rather served to protect it. The Edgefield Delegation's refusal to participate in the election, under the unlawful rules adopted by the joint delegation, in no way constitutes a waiver of their right to challenge the election.

Appellant Wilson further argues that § 57-3-240 is

■ unconstitutional because it violates the principle of one man, one vote. We disagree.

Section 57-3-240 provides that a highway commissioner will be elected from each judicial circuit every four (4) years. The right to nominate candidates for the position rotates among the counties which comprise the judicial circuit and all members of the circuit's legislative delegation then vote for one of the nominees. Appellant Wilson asserts that the statutory scheme is unconstitutional because it gives the smaller legislative delegations from less populous counties considerably more power than the larger delegations from more populous counties. He contends this results in a dilution of the more populous counties' voting rights. This argument is without merit.

■ In situations involving popular elections, the State is required to ensure that each person's vote counts, as much as possible, as much as any other person's. *Reynolds v. Sims,* 377 U. S. 533, 84 S. Ct. 1362, 12 L. Ed. (2d) 506 (1964). However, where the State chooses to select members of an official body by a method other than by popular vote, the principle of one man, one vote has no relevancy. *Sailors v. Board of Education of County of Kent,* 387 U. S. 105, 87 S. Ct. 1549, 18 L. Ed. (2d) 650 (1967). In the present case, the selection of a highway commissioner is not made by voters in a popular election. Instead, the selection is made by members of the joint legislative commission and the principle of one man, one vote, is therefore inapplicable.

The remaining exception raised by appellant DuBose is without merit and is disposed of under Supreme Court Rule 23. Accordingly, the order of the circuit court is affirmed.

The parties shall comply with this opinion and elect a highway commissioner from District 11 within 10 days from the filing of this opinion.

Affirmed.