## 22903

Thomas L. MOORE, as a member of the Edgefield County Legislative Delegation; and John W. Pettigrew, Jr., as a citizen, elector and taxpayer of Edgefield County and as a member of the Edgefield County Legislative Delegation, Respondents v. Addison G. WILSON, as Chairman of the Joint Legislative Delegation of Highway District No. Eleven; Jarvis R. Klapman, as Secretary of the Joint Legislative Delegation of Highway District No. Eleven; Ryan C. Shealy, Nikki G. Setzler, John H. Burris, Paul W. Derrick, John G. Felder, Larry L. Koon, Charles R. Sharpe and C. Lenoir Sturkie as Lexington County members of the Joint Legislative Delegation of Highway District No. Eleven; John Drummond and Jennings G. McAbee as McCormick County members of the Joint Legislative Delegation of Highway District No. Eleven; Thomas H. Pope, III, and Larry E. Gentry as Saluda County members of the Joint Legislative Delegation of Highway District No. Eleven; John T. Campbell as Secretary of State of South Carolina; and Clark DuBose as State Highway and Public Transportation Commissioner, District No. Eleven, Defendants, of whom Addison G. Wilson, Ryan C. Shealy, Larry L. Koon, and Clark DuBose are Appellants.

Appeal of Addison G. WILSON, Ryan C. Shealy, Larry L. Koon and Clark Dubose.

(372 S. E. (2d) 360)

Supreme Court

*Richard J. Breibart* of *Coleman, Sawyer, Breibart & Mc-Cauley,* Lexington, *for appellant Clark DuBose.*

*S. Jahue Moore* of *Kirkland, Taylor, Wilson, Moore, Allen & Deneen, PA.,* West Columbia, *for appellant Addison G. Wilson.*

*William L. Todd* of *S. C. Dept. of Highways and Public Transp.,* Columbia, *for appellants Ryan C. Shealy* and *Larry L. Koon.*

*Cameron M. Currie,* Columbia, *for respondents.*

Heard Aug. 17, 1988.

Decided Aug. 29, 1988.

Rehearing Denied Sept. 21, 1988.

### ORDER ON DENIAL OF REHEARING

Appellant Addison G. Wilson seeks a rehearing in this case. Respondents have filed a return opposing a rehearing and asking the court to issue a Rule to Show Cause. After careful review of the appellate record, the petition and our opinion, both the Petition for Rehearing and the Motion for a Rule to Show Cause are denied.

Appellant Wilson asks the Court to grant rehearing and modify its opinion so as allow the members of the Joint Legislative Delegation of the Eleventh Judicial Circuit to simply hold an election for Highway Commissioner rather than to actually elect a Highway Commissioner and to permit abstentions. In his order, the circuit judge held that S. C. Code Ann. §§ 57-3-220 and -240 (1976 and Supp. 1987)

required that members of a county joint legislative delegation vote for one of the persons nominated for the position of highway commissioner. *He held* that members were prohibited from voting for someone who was not nominated and *could not abstain from voting if abstention would result in no nominee receiving a majority of votes of all the members.* The circuit judge ordered that a new meeting be convened by the members of the Joint Legislative Delegation of the Eleventh Judicial Circuit (Joint Delegation) to elect a Highway Commissioner for District 11 and that the members of the Joint Delegation cast their votes among the persons nominated.

On appeal, appellant Wilson and his co-appellants ■ challenged the judge's findings on the grounds that 1) respondents were barred from challenging the election on the grounds of waiver and estoppel and 2) that the statutes violated the constitutional principle of one man, one vote. We have previously affirmed the circuit court's rulings on these issues. *Moore v. Wilson,* 372 S. E. (2d) 357, (S. Ct. 1988). However, no exception was raised by appellants to the relief ordered by the circuit judge. Specifically, none of the appellants challenged the portions of the order that required the members to elect a highway commissioner and prohibited abstentions. These portions of the circuit court's order regarding relief are therefore the law of the case and appellant Wilson's request that this Court grant rehearing and modify its opinion is foreclosed by appellant's own previous action.[1] *Johnson v. Fidelity and Guaranty Insurance Company,* 245 S. C. 205, 140 S. E. (2d) 153 (1965) (holding of trial court becomes law of the case when there is no appeal from it).

Respondents ask the Court to issue a Rule to Show Cause why appellants should not be held in contempt for failing to obey the Court's opinion. As explained below, the Court is of the opinion that the parties have complied with our order and therefore we decline to issue a Rule to Show Cause. *See Brasington v. Shannon,* 288 S. C. 183, 341 S. E. (2d) 130 (1986) (before a court finds a person in contempt, the record must

---

[1] The Court expresses no opinion on the propriety of those portions of the circuit judge's order.

clearly and specifically reflect the contemptuous conduct). On September 6, 1988, the Joint Delegation met to ∎ hold an election for the District 11 Highway Commissioner as ordered by this Court. The Edgefield Delegation put three names in nomination and on the first ballot, three members of the Joint Delegation cast votes for James H. Satcher, Sr., and thirteen members cast votes of abstention. Assuming, without deciding, that nine votes are required to elect a commissioner, by operation of law, the thirteen abstentions are regarded as acquiescence in, or affirmance of, the three votes cast and, therefore, Satcher was elected Highway Commissioner for District 11 on the first ballot. *See Annot.*, 63 A.L.R. (3d) 1072 (1975); Mason, *Manual of Legislative Procedure* § 515 (1979).[2]

∎ As stated by all the appellants in their briefs:

It is well settled in other jurisdictions that a voter who declines to take part in the election process is deemed to have acquiesced in the result. *Rary v. Guess*, 129 Ga. [App.] 102, 198 S. E. (2d) 879 (1973); *Brannon v. Perkey*, 127 W.Va. 103, 31 S. E. (2d) 898 (1944). This is in conformity with the Old English Rule which states that "[w]henever electors are present and do not vote at all they virtually acquiesce in the election made by those who do." *Old Know v. Wainwright*, 2 Burrow, 1017 Volume 97, Reprint, 683, 685.

(Brief of Appellant Wilson at p. 5; Brief of Appellants Shealy and Koon at p. 4; Brief of Appellant Dubose at p. 7). We agree with appellants' statement of this general rule.

Additionally, appellants have strongly argued in their briefs another general rule, previously acknowledged by this Court, that members of a body who are present at a meeting cannot by abstention defeat the majority of those voting. *Gaskin v. Jones*, 198 S. C. 508, 18 S. E. (2d) 454 (1942). "As long as the members are present ... and have an opportunity to act and vote with the others, it is their duty to act,

---

[2] The record reflects that the election proceedings were conducted in accordance with *Mason's Legislative Manual. See, e.g.,* Tr. Wednesday, September 14, 1988, pp. 40 and 54; *see also* South Carolina House Journal, Wednesday, June 4, 1980 at p. 3542.

and they will be regarded as present for the purpose of making a quorum and rendering legal the action [taken]. . . ." *Id.*

In addition to the general rules stated above, the ■ unappealed portions of the circuit court's order forbade the members of the Joint Delegation from abstaining. The members of the Joint Delegation therefore had an affirmative duty to vote for one of the persons nominated and should not be allowed to disrupt or abuse the governmental process by deliberate nonaction. *Cf. Gregory v. South Carolina Democratic Executive Committee*, 271 S. C. 364, 247 S. E. (2d) 439 (1978) ("It is not in the public interest to permit the election machinery of this state to be rendered ineffectual due to the failure of a County Committee to fulfill its statutory obligations.").

In this case there is no question but that a quorum was present. We hold that, under the particular circumstances presented here, the members who abstained from voting for one of the three nominees acquiesced in or affirmed the votes actually cast for a nominee. Accordingly, the Joint Delegation has complied with our opinion and James H. Satcher, Sr., has been elected Highway Commissioner for District 11. The Chairman and Secretary of the Joint Delegation shall, upon receipt of this order, immediately transmit to the Secretary of State the name of James H. Satcher, Sr., as the Highway Commissioner for District 11.

It is so ordered.

GREGORY, C. J., not participating.