24461

Sandra FOWLER, Nick Cuomo, Tom McFall, Patricia Quattlebaum, Damon Thomas, Lonnie Hamilton, Sr., Lucille Whipper, Floyd Breeland, Mckinley Washington, Robert Ford, Respondents v. David M. BEASLEY, Governor, the Charleston County Legislative Delegation, the Charleston County School Board, and Richard L. Mock, Defendants. Of Whom Richard L. Mock; House Members of the Charleston County Legislative Delegation and Senate Members of the Charleston County Legislative Delegation are Appellants, and David M. Beasley, Governor, is a Respondent.

(472 S.E. (2d) 630)

Supreme Court

*Mikell R. Scarborough,* of *Garrett Law Offices, for appellant Mock.*

*Samuel W. Howell, IV* and *J. Walker Coleman, IV, Haynsworth, Marion, McKay and Guerard, for appellants House Members of Charleston County Legislative Delegation.*

*Gedney M. Howe, III* and *Fred Thompson, III* of *Stokes and Thompson,* Charleston, *for appellants Senate Members* of *Charleston County Legislative Delegation.*

*Armand Derfner; William L. Runyon,* of Charleston, *for respondents, Fowler, et al.*

*Charles E. Carpenter, Jr., Frederick A. Crawford* and *Deborah Harrison Sheffield,* all of *Richardson, Plowden, Grier and Howser,* Columbia, *for respondent Governor Beasley.*

*Robert N. Rosen* and *Donald B. Clark,* both of *Rosen, Rosen and Hagood,* Charleston, *for defendant Charleston County School District.*

Submitted Jan. 24, 1996.

Decided July 1, 1996.

WALLER, Justice:

On appeal is an order of the circuit court enjoining appellants from filling a vacancy on the Charleston County School Board (Board).

We affirm in part, reverse in part.

## FACTS

In 1994, the death of Laura Brown created a vacancy on the Board. Thereafter, a majority of the Charleston County Legislative Delegation (Delegation) recommended appellant, Richard L. Mock, to the governor to fill the unexpired vacancy.[1] The Governor confirmed the appointment. Prior to Mock being sworn in, respondents sought an injunction to prevent his seating on the Board, contending the procedure used to recommend him to the Governor violated both the Freedom

---

[1] A vacancy on the Board is "filled . . . by appointment by the Governor upon the recommendation of a majority of the . . . Delegation." Act No. 340, 1967 Acts 470.

of Information Act (FOIA) and the Delegation's Rules of Procedure. The circuit court agreed and temporarily enjoined Appellants from filling the vacancy.

## ISSUES

1. Do respondents have standing to challenge the recommendation?
2. May the Delegation be sued in its own name?
3. Does judicial review of Mock's appointment violate Separation of Powers?
4. Did the Delegation violate the FOIA?

## 1. STANDING

Appellants contend respondents, citizens of Charleston County and/or members of the Delegation, are without standing as they have no "personal stake in the outcome." We disagree.

The Freedom of Information Act (FOIA), S.C. Code Ann. § 30-4-100 (1991), permits any citizen to apply to the circuit court for injunctive relief. Accordingly, respondents have standing to challenge the Delegation's procedures under the (FOIA).

## 2. CAPACITY TO BE SUED

Appellants next contend the Charleston County Legislative Delegation is not capable of being sued in its own name. We disagree.

The thrust of appellants' contention is that the Delegation has not been established as a corporate body such that the failure to serve the individual members of the Delegation deprived the circuit court of jurisdiction. This contention is without merit. In *Graham v. Lloyd's of London*, 296 S.C. 249, 371 S.E. (2d) 801 (Ct. App. 1988), the Court of Appeals held that an unincorporated association may be sued under the name by which it was generally known without naming the individual members of the association. Accordingly, the lack of status as a public corporation does not divest the Delegation of the ability to be sued.

Moreover, the Delegation, as a state agency, was served in accordance with Rule 4(d)(5), SCRCP. The summons and complaint were delivered to its secretary at its Charleston office,

and respondents are prepared to show that the Attorney General was served in conformity with the Rule.[2]

Contrary to appellants' contention, nothing in the rule requires each individual in an agency to be served. Although representatives of commissions, delegations and boards are often named individually, there is no requirement in the rules they be so named and there are numerous cases in which individual members have not been named. *See e.g. Cameron and Barkley v. S.C. Procurement Review Panel*, 317 S.C. 437, 454 S.E. (2d) 892 (1995); *Willis Constr. Co v. Sumter Airport Comm'n*, 308 S.C. 505, 419 S.E. (2d) 240 (Ct. App. 1992); *Charleston County School District v. Budget and Control Board*, 313 S.C. 1, 437 S.E. (2d) 6 (1993); *Davis v. Budget and Control Board*, 301 S.C. 373, 392 S.E. (2d) 183 (1990).[3]

Accordingly, it was unnecessary to name and serve the Delegation's individual members.

### 3. SEPARATION OF POWERS

Appellants contend an injunction preventing Mock from taking his seat on the Board violates the separation of powers clause. S.C. Const. Act. 1, § 8. We disagree.

This Court has jurisdiction to review the ministerial acts of the governor. *Easler v. Maybank*, 191 S.C. 511, 5 S.E. (2d) 288 (1939). In *Blalock v. Johnston*, 180 S.C. 40, 185 S.E. 51 (1936), we held that a statute prescribing the method of appointment of a tax collector and stating "which appointment shall be made by ... the Governor, upon the recommendation of the majority of the Members of the General Assembly," vested the Governor with no discretion since the appointment could not legally be made without the recommendation. Accordingly, the appointment was subject to review by this Court. *See also Elledge v. Wharton*, 89 S.C. 113, 71 S.E. 657 (1911).

---

[2] Appellants contest whether the Attorney General was served as required by Rule 4(d)(5), SCRCP. This matter was not raised to the trial court and is therefore not preserved. *Talley v. S.C. Higher Educ. Tuition Grants Comm.*, 289 S.C. 483, 347 S.E. (2d) 99 (1986).

[3] Moreover, the Charleston County Delegation has been a **plaintiff** to a lawsuit without naming its individual members. *See Concerned Citizens Committee for Ashely River v. S.C. Coastal Council*, 310 S.C. 267, 423 S.E. (2d) 134 (1992). The capacity to be sued is correlative to the capacity to sue. *See* 59 Am. Jur. (2d) *Parties* § 42 at n. 97 (1987).

Here, Act No. 840, 1967 Acts provides, in the event of a vacancy on the Board, "the vacancy shall be filled . . . by appointment by the Governor upon the recommendation of a majority of the . . . Delegation." Moreover, under S.C. Code Ann. § 4-11-30 (1986), if the Governor fails to make the appointment within 10 days, the appointment becomes automatically effective. It is therefore clear that the Governor's appointment is merely a ministerial duty which is subject to review by this Court under *Blalock*.

Furthermore, it is clear that this Court has authority ■ to review the election procedure of a legislative delegation where it is contended the procedure violated a statute. *See e.g. Moore v. Wilson*, 296 S.C. 321, 372 S.E. (2d) 357 (1988). Here, it is contended the Delegation violated the FOIA in making its recommendation. Accordingly, we may review the matter without a violation of separation of powers.

## 4. FOIA VIOLATION

It is undisputed the Delegation's February 16, 1994 ■ meeting was a properly noticed, open public meeting.

It is also undisputed that a majority (10 out of 19)[4] of the Delegation recommended Mock's appointment to the Governor. However, the recommendation was accomplished by sending around a "sign-up" sheet at a meeting of the Delegation. The sign-up sheet was announced by Rep. Harrell prior to being circulated. The "sign-up" sheet began circulation with 2 signatures endorsed; the record does not reveal whether the signatures were placed on the letter during the course of, or prior to, the meeting. Respondents contend this "informal letter-signing procedure" violated FOIA requirements that the recommendation take place during the course of an official meeting.[5] We disagree.

South Carolina's FOIA was designed to guarantee the public reasonable access to certain activities of the government. *Martin v. Ellisor*, 264 S.C. 202, 213 S.E. (2d) 732 (1975). S.C. Code Ann. § 30-4-60 requires that every meeting of a public

---

[4] Although there is an allegation that a quorum was not present at the meeting, the attendance statement of the minutes reflects that 16 of the 19 members were present.

[5] The Delegation falls within the definition of "public body" as act forth in § 30-4-20(a), so as to render the FOIA applicable.

body be open to the public unless it is closed pursuant to section 30-4-70(a), which provides that a public body may hold a closed meeting for, *inter alia*.

> (1) Discussion of . . . appointment . . . of an employee . . . or the appointment of a person to a public body. . . .
>
> (6) Prior to going into executive session the public agency shall vote in public on the question and when such vote is favorable the presiding officer shall announce the specific purpose of the executive session. **No formal action may be taken in executive session. As used in this item "formal action" means a recorded vote committing the body concerned to a specific course of action. No vote may be taken in executive session.**

Although "formal action" is defined as a "recorded vote," nothing in section 80-4-70 requires such a vote to be by open roll call. We find the circulation of a letter, at an open, public meeting, at which each individual member signs his recommendation is in compliance with subsection six. So long as the vote is taken at an open public meeting, and the public is able to glean the results and how each member voted, there is no FOIA violation.

Moreover, it is clear from the attendance reflected in the minutes of the meeting that all 10 members who signed the letter were present at the meeting. Accordingly, it is apparent that the two members who signed "prematurely" adhered to their signatures. Since this was done during the course of an open public meeting, the Delegation sufficiently complied with the FOIA. *See Multimedia, Inc. v. Greenville Airport Comm'n*, 287 S.C. 521, 339 S.E. (2d) 884 (1986) (substantial compliance with the Act will satisfy its requirements where a technical violation has no demonstrated effect on a complaining party).[6] We find the trial court erred is granting an injunction based upon violation of the FOIA. We therefore dissolve the injunction.

---

[6] Respondents also contended below, and circuit court agreed, the recommendation violated the Delegation's own rules of procedure in failing to take a roll call vote and allegedly having less than a quorum present at the meeting. Respondent concedes in brief that this issue is not justiciable. Accordingly, we do not address the issue.

The judgment below is

Affirmed in part, reversed in part.

FINNEY, C.J., and TOAL, MOORE and BURNETT, JJ., concur.