23417

Sebbieleen C. RUSSELL, Administratrix of the Estate of Gregory Lee Wood, Deceased, Petitioner v. CITY OF COLUMBIA, H.R. Ray and R.J. Hall, Respondents.

(406 S.E. (2d) 338)

Supreme Court

*J. Marvin Mullis, Jr.*, and *F. David Butler*, Columbia, *for petitioner.*

*Frank S. Potts*, Columbia, *for respondent City of Columbia.*

*Kenneth M. Suggs*, Columbia, *for respondents H.R. Ray and R.J. Hall.*

Heard Dec. 11, 1990.

Decided June 24, 1991.

FINNEY, Justice:

This wrongful death action is before this Court on a writ of certiorari from the Court of Appeals. Petitioner Sebbieleen C. Russell (Russell), administratrix of the estate of Gregory Lee Wood, deceased (Wood), brought suit against the City of Columbia and two of its police officers, H.R. Ray (Ray) and R.J. Hall (Hall). The circuit court granted respondents' motion for judgment on the pleadings. The Court of Appeals affirmed. *Russell v. City of Columbia*, 301 S.C. 117, 390 S.E. (2d) 463 (Ct. App. 1989). We reverse.

The pleadings allege that on September 7, 1985, Wood became intoxicated at a Columbia restaurant and went outside after being asked to leave the premises. On the outside, Wood engaged in an altercation during which he sustained a severe head laceration. As a result of the disturbance, the City of Columbia Police Department was called and dispatched Ray and Hall on the scene.

The complaint avers that upon their arrival, Ray and Hall observed Wood in a seriously injured condition with blood all over his head and clothing, that other persons were attempt-

ing to render aid to Wood, and that Wood was highly intoxicated. Petitioner's amended complaint alleges the officers "asserted their authority and took control of the situation away from the individuals trying to render ... aid ... depriving the decedent of these individual's (sic) help . . ." The officers determined that some disorderly conduct had occurred before they arrived, but neither Wood nor the other parties wished to file charges. The officers did not offer Wood assistance in connection with his injuries and did not otherwise detain him. After concluding their investigation, the officers "insisted" that Wood leave the premises. Wood walked alone unassisted from the scene in the general direction of a nearby railroad trestle. Wood's body was later found in a creek beneath the trestle, from which he had fallen, approximately 100 feet from the scene of the police investigation.

Petitioner filed a wrongful death action, alleging negligence on the part of the respondents. Subsequently, the court granted petitioner's motion to amend the complaint to allege a second cause of action in negligence and add other allegations to the original cause of action. Petitioner contends the respondents owed a duty of reasonable care to the public at large and to the petitioner [petitioner's decedent] in particular to care for, protect, assist and provide treatment and to refrain from interfering with others trying to aid his condition. Further, petitioner alleges the respondents failed to follow procedures promulgated by the Columbia Police Department's Policy and Procedures Manual, to the detriment of [petitioner's] decedent.

The respondents moved for judgment on the pleadings. The circuit court granted the motion, finding that there was an absence of any legal duty to petitioner's decedent by the respondents and that the complaint failed to state a cause of action.

The Court of Appeals affirmed, holding that petitioner did not assert, by pleading or argument, that any statute, contract, relationship or property interest created a duty on the part of the respondents toward petitioner's decedent. Moreover, the Court of Appeals determined that there is no other basis for finding a duty owed to Wood under general principles of negligence law.

On appeal to this Court, petitioner argues the Court of Appeals erred in affirming the judgment of the circuit court. Pe-

titioner contends the pleadings allege facts sufficient to state a cause of action for which the petitioner may be entitled to relief. We agree.

A judgment on the pleadings against the plaintiff is not proper if there is an issue of fact raised by the complaint which, if resolved in favor of the plaintiff, would entitle him to judgment. *Brown v. United Insurance Company of America,* 268 S.C. 254, 233 S.E. (2d) 298 (1977). A judgment on the pleadings is in the nature of a demurrer. *Brown, supra.* All properly pleaded factual allegations are deemed admitted for purposes of the consideration of a demurrer. *Crowe v. Domestic Loans, Inc.,* 242 S.C. 310, 130 S.E. (2d) 845 (1963). When a fact is well pleaded, any inference of law or conclusions of fact that may properly arise therefrom are to be regarded as embraced in the averment. *Crowe, supra.* Moreover, a complaint is sufficient if it states any cause of action or it appears that the plaintiff is entitled to any relief whatsoever. *Baldwin v. Sanders,* 266 S.C. 394, 223 S.E. (2d) 602 (1976). Our courts have held that pleadings in a case should be construed liberally so that substantial justice is done between the parties. *Manning v. Dial,* 271 S.C. 79, 245 S.E. (2d) 120 (1978). Further, a judgment on the pleadings is considered to be a drastic procedure by our courts. *U.S. Casualty Company v. Hiers,* 233 S.C. 333, 104 S.E. (2d) 561 (1958).

Petitioner argues that once the police officers took control of the situation and preempted individuals already attempting to aid the petitioner's obviously injured and intoxicated decedent, respondents incurred a duty to follow through and finish what was begun. Under common law, even when there is no duty to act but an act is voluntarily undertaken, the actor assumes the duty to use due care. *Sherer v. James,* 290 S.C. 404, 351 S.E. (2d) 148 (1986); *Roundtree Villas Ass'n v. 4701 Kings Corp.,* 282 S.C. 415, 321 S.E. (2d) 46 (1984).

The *Restatement of Torts (2d),* Section 323, states in part:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking if

(a) his failure to exercise such care increased the risk of such harm . . .

A slight modification appears in Section 324, which states as follows:

One who being under no duty to do so, takes charge of another who is helpless adequately to aid or protect himself is subject to liability to the other for any bodily harm caused to him by

(a) the failure of the other to exercise reasonable care to secure the safety of the other while within the act as charged, or

(b) the actors discontinuing his aid or protection if by doing so he leaves the other in a worse position than when the actor took charge of him.

We conclude that the complaint in this matter alleges facts sufficient to state a cause of action. Under our case law, a complaint is sufficient if it states any cause of action. *Baldwin, supra.* A liberal construction of the pleadings indicates that a grant of judgment on the pleadings stands as a bar to substantial justice between the parties. For the foregoing reasons this case is reversed.

Reversed.

GREGORY, C.J., HARWELL and TOAL, JJ., and JAMES E. MOORE, Acting Associate Justice, concur.