**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 07-1409**

───────────

ELSIE MARIE ALLEN, as Personal Representative
of the Estate of Donna Lea Swaim; KEITH
BARFIELD, as Personal Representative of the
Estate of Allison Barfield; WILLIAM E.
HARRELL, JR.; NICHOLAS R. WILKERSON,

                              Plaintiffs - Appellants,

        versus

CHOICE HOTELS INTERNATIONAL, INCORPORATED,

                              Defendant - Appellee,

        and

GREENVILLE HOTEL PARTNERS, INCORPORATED; R.G.
HOSPITALITY, LLC; RONALD GEDDA; R.G.
PROPERTIES, LLC,

                              Defendants.

───────────

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry M. Herlong, Jr., District
Judge.  (6:04-cv-02327-HMH)

───────────

Argued:  March 20, 2008              Decided:  May 1, 2008

───────────

Before WILLIAMS, Chief Judge, and NIEMEYER and DUNCAN, Circuit
Judges.

───────────

Affirmed by unpublished per curiam opinion.

―――――――――

**ARGUED:** Robert Paul Foster, FOSTER LAW FIRM, L.L.P., Greenville, South Carolina; Laurel Payne Landon, KILPATRICK & STOCKTON, L.L.P., Augusta, Georgia, for Appellants. James Thomas Hewitt, LEATHERWOOD, WALKER, TODD & MANN, Greenville, South Carolina, for Appellee. **ON BRIEF:** Raymond G. Chadwick, Jr., KILPATRICK & STOCKTON, L.L.P., Augusta, Georgia, for Appellants. John R. Crockett, III, Jeremiah A. Byrne, FROST, BROWN, TODD, L.L.C., Louisville, Kentucky; Stanley T. Case, BUTLER, MEANS, EVINS & BROWNE, P.A., Spartanburg, South Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case arises out of a fire at a Comfort Inn and Suites (the "Comfort Inn") which killed six hotel guests and injured twelve others. Appellants, guests who were injured in the fire and personal representatives of those who perished, brought wrongful death and personal injury claims against Ron Gedda ("Gedda") and his company, R.G. Hospitality, LLC ("RGH") (together "RGH/Gedda"), the hotel owners/franchisees, and Choice Hotels International, Inc. ("Choice"), the hotel franchisor. As relevant here, the district court granted summary judgment to Choice, concluding that, as franchisor, Choice was neither directly nor vicariously liable for the alleged negligent acts. Appellants only appeal the district court's ruling as to Choice's direct liability. Appellants also request that this court certify the issue of franchisor liability to the South Carolina Supreme Court.

Because this case does not present a novel question of law that justifies certification, and because we agree that Choice breached no duty of care on these facts, we affirm.

I.

In January 2004, six hotel guests were killed and twelve others were injured in a fire at the Comfort Inn and Suites in

3

Greenville, South Carolina.[1] Following the fire, Appellants filed suit against Choice on theories that Choice was vicariously liable for the acts of the franchisee RGH/Gedda based on actual and apparent agency, and directly liable for alleged negligent acts of its own. Specifically, they allege that Choice is directly liable to Appellants because it failed to require RGH/Gedda to retrofit the hotel with sprinklers.

Choice filed motions for summary judgment on the negligence claims, arguing that it was not liable on the Appellants' theories of negligence for either direct liability or vicarious liability. The district court granted Choice's motion, finding that Choice was not directly liable because it had no duty to retrofit the hotel with sprinklers, nor was Choice vicariously liable because Appellants failed to show that RGH/Gedda were either Choice's actual or apparent agents.

Appellants twice moved for reconsideration and requested certification of particular questions to the Supreme Court of South Carolina. The district court denied these requests. In yet another motion to reconsider, Appellants submitted an order from the South Carolina Court of Common Pleas for Greenville County ("State Court Order"), denying Choice's motion for summary judgment in a number of related cases arising from the same incident. The

---

[1]A federal jury convicted Eric Preston Hans for igniting the fire that caused the injuries and deaths at the hotel. <u>United States v. Hans</u>, 6:05-cr-01227 (D.S.C. Nov. 16, 2005).

state court found that the question of whether Choice owed the plaintiffs a duty of care presented a mixed question of law and fact to be resolved by the fact finder. Nonetheless, the district court held that the State Court Order did not alter the district court's analysis with respect to the relationship between Choice and its franchisees and that the district court was not bound by a state trial court's decisions on a matter of law. The district court again denied Appellants' motion to reconsider. Appellants timely filed this appeal.

## II.

### A.

Appellants maintain that certification is appropriate due to the absence of controlling South Carolina precedent on franchisor liability and because this case presents a novel issue of South Carolina law.[2] This court has held that "[o]nly if the available state law is clearly insufficient should the court certify the issue to the state court." Roe v. Doe, 28 F.3d 404, 407 (4th Cir. 1994). In addition, there is no need to certify an unresolved question of state law to state court where the "state of the law

---

[2]Appellants also argue that this court should reconsider certification in light of pending cases arising out of the same incident. Appellants cite to no authority, nor have we found any, requiring certification where a case arising from the incident is pending in state court. In any event, the pending cases have all been settled or dismissed, with the exception of one case that is in pre-discovery.

[is clear] in every other jurisdiction that has addressed the issue." Powell v. U.S. Fidelity and Guaranty Co., 88 F.3d 271, 273 (4th Cir. 1996). As demonstrated by the district court, there is sufficient South Carolina case law to resolve the issue before us, and where the South Carolina case law is lacking, other jurisdictions that have directly addressed this issue provide appropriate instruction.

We note as well that the circumstances of Appellants' request render it somewhat suspect. Appellants elected to bring suit in federal court, and pursued the alternative of certification only after receiving an adverse decision by the district court. Certification requests that bear a resemblance to forum shopping are generally discouraged. See National Bank of Washington v. Pearson, 863 F.2d 322, 327 (4th Cir. 1988) (finding certification inappropriate after removal to federal court following an adverse ruling in state court); see also Powell, 88 F.3d at 273 (finding certification inappropriate where plaintiffs, who sought certification, had initially filed suit in state court but then elected to take non-suit and re-file in federal court). For these reasons, we decline to certify the issue presented by this case to the Supreme Court of South Carolina.

We review de novo the district court's grant of summary judgment, <u>Long v. Dunlop Sport Group Ams., Inc.</u>, 506 F.3d 299, 301 (4th Cir. 2007). Fed. R. Civ. P. 56(c). Because this is a negligence claim based on diversity jurisdiction, we apply South Carolina law. <u>See</u> <u>Roe</u>, 28 F.3d at 407 ("Federal courts in diversity cases apply the law of the forum state.").

To prevail on a negligence claim in South Carolina, Appellants must show that (1) Choice owed them a duty of care; (2) Choice breached its duty by a negligent act or omission; (3) Choice's breach was the proximate cause of their injuries; and (4) they suffered injury or damages. <u>Dorrell v. South Carolina Dep't of Transp.</u>, 605 S.E.2d 12, 15 (S.C. 2004). "Whether the law recognizes a particular duty is an issue of law to be determined by the court." <u>Jackson v. Swordfish Inv., L.L.C.</u>, 620 S.E.2d 54, 56 (S.C. 2005). The district court granted summary judgment to Choice because Appellants failed to establish the first element--that Choice owed them a duty--and we agree.

Appellants assert three bases for finding that Choice owed a duty to Comfort Inn guests that it breached by failing to require RGH/Gedda to retrofit the hotel facility with a sprinkler system before opening the facility.[3] We consider each in turn.

---

[3]Appellants offered no evidence to show that the hotel, at any time, failed to comply with all applicable fire codes and specifically acknowledged as much at oral argument. Furthermore,

1.

Appellants first argue that Choice owed a duty of care to hotel guests because Choice operated the Comfort Inn and controlled its life safety systems as evinced by the Franchise Agreement and Comfort Inn Rules and Regulations Instructions ("Rules and Regulations"). See, e.g., Wise v. Kentucky Fried Chicken Corp., 555 F. Supp. 991, 995-96 (D.N.H. 1983) (holding that the defendant franchisor owed a duty to a franchisee's injured employee because the defendant retained the authority to select, approve, and recommend the cooking equipment responsible for the employee's injury). Therefore, we turn to the Franchise Agreement, the Rules and Regulations and Choice's interaction with the Comfort Inn pursuant to the Franchise Agreement to determine whether Choice exercised sufficient control over the Comfort Inn to establish such a duty.

Under both the Franchise Agreement and the Rules and Regulations, RGH/Gedda (1) owned the building, land, and hotel equipment; (2) held the operating licenses and permits; (3) hired, fired, supervised, and disciplined the franchisee's employees; (4) determined employee wages and room rates; (5) provided training for employees, and (6) provided insurance for the hotel. Furthermore,

---

although asserting that sprinklers are rapidly becoming standard in the hospitality industry, Appellants have apprised us of no authority to support their assertion that a hotel franchisor has a duty to require a hotel, which complies with the relevant fire codes, to retrofit the building with sprinklers.

the Franchise Agreement specifically states that RGH/Gedda is "solely responsible for exercising ordinary business control over the Hotel." J.A. 117.

Choice's Rules and Regulations required RGH/Gedda to have life safety systems, which included smoke and fire detection, fire extinguishing equipment, emergency exits, and emergency lighting that "meet or exceed prevailing federal, state or local codes." J.A. 444. The Rules and Regulations also recommended an emergency power generator and sprinkler system. Gedda testified, however, that Choice did not participate in the selection of fire or safety equipment installed at the hotel, and that RGH/Gedda did not need Choice's approval to make any changes to safety and security systems at the hotel; nor did Choice have a role in RGH/Gedda's decision regarding whether or not to install fire sprinklers.

The mere terms of the Franchise Agreement do not establish that Choice exerted sufficient control over the operations of the hotel to create a duty. See Kerl v. Dennis Rasmussen, Inc., 682 N.W.2d 328, 338 (Wis. 2004) ("[T]he clear trend in the case law in other jurisdictions is that the quality and operational standards and inspection rights contained in a franchise agreement do not establish a franchisor's control or right of control over the franchisee sufficient to ground a claim for vicarious

9

liability.").[4]  And, the Rules and Regulations simply ensure uniformity at all Comfort Inn franchise locations.  See <u>Hayman v. Ramada Inn, Inc.</u> 357 S.E.2d 394, 397 (N.C. Ct. App. 1987).  At best, taken together, the Franchise Agreement and Rules and Regulations show that RGH/Gedda operated and controlled the Comfort Inn under general guidelines intended to foster consistency throughout the Choice system.  Therefore, Appellants have failed to establish that Choice owed a duty to Comfort Inn guests under this theory.

## 2.

The second basis for finding a duty, Appellants argue, is that Choice owed a common law duty of care to foreseeable persons.  Citing to the South Carolina Supreme Court's decision in <u>Dorrell</u>, Appellants argue that since their injuries were foreseeable, Choice owed a duty to prevent the injuries and that it breached that duty by not requiring the installation of sprinklers.  A review of the facts of <u>Dorrell</u>, however, reflects the extent to which the decision is inapposite.  The defendant was a contractor hired by the South Carlina Department of Transportation to pave a shoulder on a road.  605 S.E.2d at 13-14.  When a driver was injured as a result of the paving job, the contractor argued that he owed no

---

[4]Like the vicarious liability analysis, the "[d]irect liability cases [also] look to the franchisor's actual control or retained right of control to determine the presence of a duty for purposes of evaluating whether the franchisor was itself negligent."  <u>Kerl</u>, 682 N.W.2d at 334 n. 3.

10

legal duty to the injured driver because the shoulder was paved pursuant to his contract with the Department of Transportation. Id. at 13-14. The South Carolina Supreme Court stated that a "tortfeasor's liability exists independently of the contract and rests upon the tortfeasor's duty to exercise due care," and the "common law duty of due care includes the duty to avoid damage or injury to foreseeable plaintiffs." Id. at 15.

Appellants attempt to analogize the paving contractor's building of an unsafe shoulder to Choice's failure to require installation of an automatic sprinkler system. Such a comparison ignores the fact that while the contractor in Dorrell created the risk by building the shoulder in such a way that a driver could be injured, Choice did not create a risk or in any way make injury to the hotel guests more likely. Therefore, we cannot agree with Appellants that Dorrell compels the conclusion that Choice owed a duty to Comfort Inn guests.

3.

The third purported basis for a duty also arises under common law. South Carolina common law recognizes a separate duty to use due care where an act is voluntarily undertaken for the benefit of a third party. See Russel v. City of Columbia, 406 S.E.2d 338, 339 (S.C. 1991) ("[E]ven where there is no duty to act but an act is voluntarily undertaken, the actor assumes the duty to use due care."). Appellants argue that Choice voluntarily undertook to

11

regulate the life safety systems and address a security problem at the hotel for the benefit of hotel guests.[5]  See generally Decker v. Domino's Pizza, Inc., 644 N.E.2d 515 (Ill. App. Ct. 1994) (holding that a convenience store franchisor owed a duty of reasonable care to a franchisee's employee who was injured during a robbery attempt because the franchisor had voluntarily undertaken to establish a security program to deter robberies and protect store employees from harm in the event of a robbery); Papastathis v. Beall, 723 P.2d 97 (Ariz. Ct. App. 1986) (holding that a convenience store franchisor owed a duty of reasonable care to a store customer who was injured when a soda can fell from a defective rack because the franchisor had undertaken to perform the service of inspecting, endorsing, and recommending the rack).

Despite Appellants' argument to the contrary, the fact that Choice required RGH/Gedda to install fire safety systems and made recommendations in its Rules and Regulations that RGH/Gedda install sprinklers does not establish that Choice voluntarily undertook to control or regulate the life safety systems.  See Wendy Hong Wu v. Dunkin' Donuts, Inc., 105 F. Supp. 2d 83, 93-94 (E.D.N.Y. 2000) ("[S]imply providing a list of suggested-but not required-security

_____

[5]The security problem refers to a disabled third floor door lock that the arsonist used to enter the building to start the fire.  Appellants presented evidence that a Choice representative assured a hotel guest who called to report the malfunctioning lock that Choice would address the issue.  However, it is undisputed that when a complaint is received, Choice procedure is to forward it to the franchisee to address.

12

items does not support . . . contention that [franchisor] retained or assumed control of the security of its franchisees."). Similarly, requiring renovations to the hotel and accepting and forwarding hotel-guest complaints to the franchisee does not indicate that Choice voluntarily undertook to regulate safety systems or make repairs to the hotel. Helmchen v. White Hen Pantry, Inc., 685 N.E.2d 180, 182 (Ind. Ct. App. 1997) (requiring a showing of control over a franchisee's security measures beyond merely offering recommendations about security and imposing standards related to appearance and services to establish a franchisor's liability). Instead, Choice merely guarded its trademark by assuring uniform appearance and operations of hotels operating under the Comfort Inn mark. See Helmchen, 685 N.E.2d at 182 ("These mandatory procedures are intended to assure uniformity of operation and appearance, and to protect . . . trademark and the good will associated with it."); Raines v. Shoney's Inc., 909 F. Supp. 1070, 1078 (E.D. Tenn. 1995) ("The protection of its trademark and service mark is a necessary duty of a franchisor; to interfere with this duty would unfairly impose liability on the basis of a necessary duty.").

III.

For the foregoing reasons, Appellants have failed to establish that Choice owed a duty to hotel guests at the Comfort Inn. The order of the district court is therefore

<u>AFFIRMED</u>.

14