708 S.E.2d 745

EVENING POST PUBLISHING COMPANY,
d/b/a The Post and Courier, Appellant,

v.

BERKELEY COUNTY SCHOOL DISTRICT, Respondent.

No. 26949.

Supreme Court of South Carolina.

Heard Feb. 16, 2011.
Decided March 21, 2011.

78

John J. Kerr and Charles J. Baker, Buist, Moore, Smythe & McGee, both of Charleston, for Appellant.

Kenneth L. Childs, Kathryn Long Mahoney, and John M. Reagle, Childs & Halligan, P.A., all of Columbia, for Respondent.

Jay Bender, Baker, Ravenel & Bender, of Columbia for Amicus Curiae Osteen Publishing, New York Times, Landmark, et al.

Justice HEARN.

The issue before the Court is whether the circuit court erred in granting summary judgment to Berkeley County School District (School District) based on the attorney-client privilege exception to the Freedom of Information Act (FOIA) and in denying Evening Post Publishing Company's (Evening

Post) motion to compel the production of documents. We find the circuit court erred in both respects and reverse.

## FACTUAL BACKGROUND

School District is governed by a nine-member Board of Education (Board) elected by residents of Berkeley County. In 1997, Dr. J. Chester Floyd was hired by the Board as Superintendent for School District. Pursuant to a Professional Employment Agreement executed in 2005 between Floyd and School District, Floyd was hired through June 2010. A provision of this contract required the Board to evaluate Floyd at least once a year. This evaluation was the basis for determining, among other things, whether Floyd received a 5% increase in his compensation.

In 2006, the composition of the Board changed after an election resulting in the defeat of three longtime incumbents. After this election, the Board became more critical of the Superintendent, with most decisions being rendered 5 to 4. It was in the midst of this contentious environment that the present action was filed by Evening Post to obtain information about the Board.

During Floyd's evaluation for the 2006–2007 school year, the law firm of Childs and Halligan, PA, became involved at the request of Frank Wright, Chairman of the Board. Childs and Halligan prepared a summary of each individual Board member's answers to both a written questionnaire and a telephone interview concerning Floyd's performance. The Board met in executive session to discuss Floyd's performance under the agreement, and after the session, Wright publicly announced the Board found Floyd's performance to be satisfactory, entitling Floyd to the 5% pay increase.

Evening Post, after discovering information regarding the written questionnaire and telephone interview, wrote to Floyd on two separate occasions requesting access to certain documents pursuant to FOIA. Floyd denied both requests, stating the evaluations were exempt from disclosure under FOIA pursuant to the attorney-client privilege. Shortly thereafter, Evening Post requested access to these items a third time, but directed its request to the Board. Wright responded to this third request, denying it on the same grounds as Floyd, but

adding that the personal privacy exemption under FOIA also applied to the evaluations.

Evening Post filed a lawsuit pursuant to the Uniform Declaratory Judgment Act, alleging that the evaluations were public records, the School District's denial of access to the public records violated FOIA, and School District should be enjoined from violating FOIA. Evening Post asked, in the alternative, that the circuit court review the evaluations *in camera* to determine if they were public records and whether the exemptions claimed by School District were applicable. School District filed a timely answer, asserting as an affirmative defense that the records sought were exempt from disclosure under FOIA, specifically Section 30–4–40(a)(7) of the South Carolina Code (2007) and attaching the affidavits of Wright and Kathryn Long Mahoney, a Childs and Halligan attorney. In conjunction with its answer, School District filed a motion for judgment on the pleadings.

During the pendency of School District's motion, Evening Post submitted interrogatories and document production requests to School District. While School District responded to the interrogatories, School District objected to the production request for a blank copy of the questionnaire referenced in Wright's affidavit on the ground of attorney-client privilege. Evening Post filed a motion to compel pursuant to Rule 37, SCRCP, in order to gain access to the questionnaire. Both Evening Post's Rule 37 motion and School District's Rule 12(c) motion were scheduled to be heard the same day.

Prior to the hearing, School District submitted a set of sealed documents to the circuit court for an *in camera* review, which the circuit court accepted. The documents submitted were: (1) Correspondence from Daryl T. Hawkins (Floyd's lawyer) to Wright; (2) a memorandum from Childs and Halligan to Board Members; (3) a blank copy of the written questionnaire attached to the above memorandum; and (4) a compilation prepared by Childs and Halligan of information from questionnaires and telephone interviews. School District did not submit the completed questionnaires to the circuit court. Because the circuit court considered matters outside the pleadings in conjunction with School District's Rule 12(c) motion, the circuit court treated the matter as a motion for

summary judgment under Rule 56, SCRCP. After taking the matter under advisement, the circuit court granted summary judgment to School District and denied Evening Post's motion to compel. Evening Post appealed to the court of appeals and the case was certified to this Court pursuant to Rule 204, SCACR.

## ISSUES

Evening Post raises two issues on appeal:

1. Did the circuit court err in granting summary judgment to School District on the FOIA claim?

2. Did the circuit court err in denying Evening Post's motion to compel production of the blank questionnaire?

## LAW/ANALYSIS

### I. Summary Judgment Motion

 Evening Post contends summary judgment was erroneously granted because the attorneys were only hired as a means to insulate the Board from FOIA compliance, and the circuit court should have allowed Evening Post an adequate opportunity to conduct discovery. School District argues in response that it met its burden to prove the exemption applies. We hold the circuit court erred in granting summary judgment in favor of School District.

 When reviewing the trial court's decision to grant summary judgment, an appellate court applies the same standard applied by the circuit court. *Lanham v. Blue Cross & Blue Shield of S.C., Inc.*, 349 S.C. 356, 361, 563 S.E.2d 331, 333 (2002). Summary judgment is appropriate when there is no genuine issue of material fact such that the moving party is entitled to prevail as a matter of law. Rule 56(c), SCRCP; *see also Hancock v. Mid–South Mgmt. Co., Inc.*, 381 S.C. 326, 330, 673 S.E.2d 801, 803 (2009) ("[I]n cases applying the preponderance of the evidence burden of proof, the non-moving party is only required to submit a mere scintilla of evidence in order to withstand a motion for summary judgment."). "In determining whether any triable issues of fact exist, the court must view the evidence and all reasonable inferences that may be drawn from the evidence in the light most favorable to the

non-moving party." *David v. McLeod Reg'l Med. Ctr.*, 367 S.C. 242, 247, 626 S.E.2d 1, 3 (2006). Because summary judgment is a drastic remedy, it must not be granted until the opposing party has had a "full and fair opportunity to complete discovery." *Dawkins v. Fields*, 354 S.C. 58, 69, 580 S.E.2d 433, 439 (2003). Summary judgment is not appropriate where further inquiry into the facts of the case is desirable to clarify the application of the law. *Lanham*, 349 S.C. at 362, 563 S.E.2d at 333.

 FOIA is remedial in nature and should be liberally construed to carry out its purpose. *Quality Towing, Inc. v. City of Myrtle Beach*, 345 S.C. 156, 161, 547 S.E.2d 862, 864–65 (2001). As the General Assembly stated,

> [I]t is vital in a democratic society that public business be performed in an open and public manner so that citizens shall be advised of the performance of public officials and of the decisions that are reached in public activity and in the formulation of public policy. Toward this end, provisions of this chapter must be construed so as to make it possible for citizens, or their representatives, to learn and report fully the activities of their public officials at a minimum cost or delay to the persons seeking access to public documents or meetings.

S.C.Code Ann. § 30–4–15 (2007).

 FOIA's basic premise is to give "any person has a right to inspect or copy any public record of a public body." *Id.* § 30–4–30(a). This right is not without some exceptions, enumerated under section 30–4–40, the following being the one at issue in this case: "Correspondence or work products of legal counsel for a public body and any other material that would violate attorney-client relationships." *Id.* § 30–4–40(a)(7). The determination of whether documents or portions thereof are exempt from FOIA must be made on a case-by-case basis, and the exempt and non-exempt material shall be separated and the nonexempt material disclosed. *City of Columbia v. ACLU*, 323 S.C. 384, 387, 475 S.E.2d 747, 749 (1996); *see also Beattie v. Aiken County Dep't of Social Servs.*, 319 S.C. 449, 453, 462 S.E.2d 276, 279 (1995); *Newberry Publ'g Co., Inc. v. Newberry County Comm'n on Alcohol & Drug Abuse*, 308 S.C. 352, 354, 417 S.E.2d 870, 872 (1992).

However, the exemptions should be narrowly construed to not provide a blanket prohibition of disclosure in order to "guarantee the public reasonable access to certain activities of the government." *See Fowler v. Beasley,* 322 S.C. 463, 468, 472 S.E.2d 630, 633 (1996); *see also* S.C.Code Ann. § 30–4–15 (2007). The burden of proving that an exemption exists lies with the government. *Evening Post Publ'g Co. v. City of North Charleston,* 363 S.C. 452, 457, 611 S.E.2d 496, 499 (2005).

■ The circuit court stated in its order that an *in camera* review was held, but for only three out of the five items the circuit court claimed Evening Post requested.[1] No indication is given in the order or the record why only three of the items were reviewed by the circuit court. In addition, the circuit court did not even see the documents ultimately sought by Evening Post in the lawsuit—the Board Members' completed questionnaires. Summary judgment is not appropriate where further inquiry into the facts of the case is desirable to clarify the application of the law. *Lanham,* 349 S.C. at 362, 563 S.E.2d at 333. We find it troublesome that the circuit court did not look at the documents ultimately sought by Evening Post before granting School District's summary judgment motion.

■ Additionally, School District's attorney admitted at the motions hearing that the evaluations were within the normal course of events, and that attorney involvement was not necessary to the process. During oral argument before

---

1. In its order, the circuit court stated that Evening Post requested five different documents: (1) A memorandum from Childs and Halligan to Board members regarding telephone interviews and written questionnaires; (2) Board member interview questions attached to the above memorandum; (3) confidential questionnaires completed by Board members; (4) Mahoney's notes from telephone interviews conducted with Board members; and (5) a memorandum from Childs and Halligan containing a summary of the completed questionnaires. However, our reading of the record indicates Evening Post's complaint and attachments only sought access to the individual Board members' completed questionnaires and a summary of the completed evaluations. Although the circuit court examined the letter from Hawkins to Wright, we note the record contains no indication that Evening Post ever requested this specific document. Regardless, this apparent ambiguity in the circuit court order does not change our analysis.

this Court, School District's attorney clarified his statement by noting that while attorney involvement normally is not required, it was necessary in this particular instance. Thus, two reasonable inferences regarding the necessity of attorney involvement can be drawn: (1) The Board's annual review of the superintendent, required by Floyd's contract was within the normal course of events, or (2) attorney involvement was required because of the contentious environment surrounding the Board. "Summary judgment should not be granted . . . if there is dispute as to the conclusion to be drawn from those facts." *Tupper v. Dorchester County*, 326 S.C. 318, 325, 487 S.E.2d 187, 191 (1997) (citing *Gilliland v. Elmwood Props.*, 301 S.C. 295, 391 S.E.2d 577 (1990)).

Finally, we note the policy considerations involved in this case support our decision that summary judgment was improper at this early stage in the proceedings. The General Assembly, by the clear language of the statute, believes FOIA should be broadly construed to allow the public to gain access to public records. The interest in confidentiality expressed through the attorney-client privilege should not trump the public's right to know at this juncture. More development of the facts surrounding the hiring of Childs and Halligan as well as court review of the actual completed questionnaire is necessary to explore these competing interests before rendering judgment as a matter of law.

## II. Motion to Compel

■ Evening Post contends the blank questionnaire's production is important to the development of its theory regarding applicability of the attorney-client privilege. School District argues that the discovery sought by Evening Post is the relief and subject matter of the lawsuit itself, and its production is controlled by *City of Columbia*. We disagree with School District.

In *City of Columbia*, the ACLU brought an action under FOIA, seeking access to an internal police report. 323 S.C. at 384, 475 S.E.2d at 747. The City of Columbia denied the initial FOIA request, arguing that the report was subject to an exemption. *Id.* at 386, 475 S.E.2d at 748. The ACLU brought a motion to compel seeking the report itself, which

the circuit court denied. *Id.* This Court upheld the circuit court's order denying the motion because the document requested in the ACLU's motion to compel was the subject matter of the case itself. *Id.* at 388, 475 S.E.2d at 749.

The holding in *City of Columbia* is inapposite to this case. Here, Evening Post's motion to compel seeks only the blank questionnaire, which is different from what Evening Post seeks in the lawsuit itself—the Board Members' completed questionnaires. Further, there is no evidence to show the attorney-client privilege applies to the blank questionnaire. Moreover, there appears to be no reason why the circuit court could not have separated the blank questionnaire from the attorney memorandum to which it was attached. *See Beattie,* 319 S.C. at 453, 462 S.E.2d at 279 (finding that exempt and nonexempt material shall be separated and nonexempt material disclosed). School District, in the motions hearing, conceded that the evaluation questions were not secret, but were routine evaluation questions. "The rulings of a trial judge in matters involving discovery will not be disturbed on appeal absent a clear showing of an abuse of discretion. . . . An abuse of discretion occurs when there is no evidence to support the trial judge's factual conclusion or when the ruling is based upon an error of law." *Bayle v. S.C. Dep't of Transp.,* 344 S.C. 115, 542 S.E.2d 736 (Ct.App.2001) (internal citations omitted). Therefore, we find the circuit court erred in denying Evening Post's motion to compel.

## CONCLUSION

We hold the circuit court erred in granting School District's motion for summary judgment and in denying Evening Post's motion to compel. Accordingly, we reverse and remand for further proceedings consistent with this decision.

BEATTY, KITTREDGE, JJ., and Acting Justice James E. Moore, concur. PLEICONES, J., concurring in result only.