GEATHERS, J.:
**380 *444 In this action seeking relief under the Freedom of Information Act (FOIA), Appellant Adele J. Pope seeks review of the circuit court's order dismissing her complaint on the ground that the records she sought were potentially discoverable in a pending breach of fiduciary duty action.[1] We reverse and remand.[2]
FACTS/PROCEDURAL HISTORY
In November 2007, the Aiken County circuit court appointed Pope and Robert L. Buchanan, Jr. to serve as personal **381 representatives for The Estate of James Brown and trustees of The James Brown 2000 Irrevocable Trust to replace the original fiduciaries named in the trust and in Brown's will. See Wilson v. Dallas , 403 S.C. 411, 416-19, 743 S.E.2d 746, 749-51 (2013).[3] The circuit court later removed Pope and Buchanan from these positions. Id. at 422, 743 S.E.2d at 752.
On May 19, 2010, then-Attorney General Henry McMaster and Russell Bauknight, the newly appointed personal representative and trustee, filed a breach of fiduciary duty action against Pope and Buchanan in the Richland County Probate Court. Most of the additional listed plaintiffs were also plaintiffs in Wilson .[4] The complaint alleged, inter alia, that Pope and Buchanan failed to engage necessary advisors; failed to use due diligence in pursuing business opportunities and in determining the estate's value, thereby "making the estate vulnerable to millions of dollars in unnecessary and incorrect tax liability;" failed to keep accurate accounting records; engaged in self-dealing by "paying themselves hundreds of thousands of dollars in fees, which left the estate and trust with a solvency crisis;" took improper positions that were adversarial to the settlement "entered into by the beneficiaries of the Estate and Trust and approved by the [c]ircuit [c]ourt;" and failed "to account to the Attorney General as required by law."
The breach of fiduciary duty action was later transferred to the circuit court. See supra n.1. Among the documents sought by Pope during discovery were
1. The published policies and/or rules and regulations of the Office of the Attorney General of South Carolina ("AG") with respect to the engagement of private attorneys, including contingency-fee attorneys, by the AG in effect in May 2010.
**382 2. The published policies and/or rules and regulations of the Office of the AG with respect to the engagement of private attorneys, including contingency-fee attorneys, by the AG currently in effect (July 19, 2011).
3. The contract of the then-AG (Henry D. McMaster) and/or the State of South Carolina engaging Kenneth B. Wingate and Everett Kendall, II to commence Civil Action No. 2010-GC-4000073 in the Probate Court for Richland County on May 19, 2010[,] on behalf of the AG.
4. Any contract and/or other document authorizing Russell L. Bauknight to commence Civil Action No. 2010-GC-40-0073 on behalf of the AG and/or the State of South Carolina.
Pope also sent a FOIA request for these items to the Attorney General and filed a motion to compel the production of items 3 and 4. In a letter dated August 5, 2011, the Attorney General proposed to place the FOIA request on hold pending the resolution *445 of the fiduciary litigation. The Attorney General and Bauknight later sought a protective order concerning item 3, the Attorney General's agreement engaging Wingate and Kendall (the Wingate Agreement).
Subsequently, Pope filed this action against the Attorney General in Newberry County on August 10, 2011, seeking items 1 through 4. By this time, Respondent Alan Wilson had been elected to the office of Attorney General (the AG). The AG later filed a motion to dismiss Pope's complaint and to strike the attached affidavits, and Pope filed a motion for summary judgment. In an order dated November 22, 2011, the circuit court denied the motion to dismiss, required the AG to answer Pope's complaint, required the consolidation of this action with the fiduciary litigation pending in Richland County, and declined to address the remaining motions. On January 11, 2012, the circuit court denied Pope's motion to alter or amend its order and issued a Form 4 order transferring venue to Richland County.
The AG later filed a motion for judgment on the pleadings pursuant to Rule 12(c), SCRCP,[5] asserting that the items **383 sought by Pope were exempt from FOIA because they were subject to discovery in the fiduciary litigation. Subsequently, the AG sought to amend his answer to assert that he had no documents responsive to Pope's FOIA request other than certain attached exhibits and an unsigned copy of the Wingate Agreement, which was subject to the AG's motion for a protective order that was "under judicial review."
The exhibits attached to the proposed amended answer included a copy of the AG's policy concerning the engagement of private counsel, the AG's correspondence with Russell Bauknight, and an unexecuted copy of the standard "Litigation Retention Agreement For Special Counsel Appointed by the South Carolina Attorney General." The proposed amended answer also stated (1) the AG had no objection to disclosing the Wingate Agreement if the circuit court ruled it could be released and (2) he did not have any documents pertaining to item 4 of Pope's request.
In an order dated June 14, 2016, the circuit court granted the AG's motion for judgment on the pleadings and dismissed this action. In its order, the circuit court concluded that FOIA was "not a tool that may be used to bypass civil discovery in a pending case." The circuit court also concluded that the requested documents were exempt under FOIA because the South Carolina Rules of Civil Procedure constitute "law" for purposes of the exemption in section 30-4-40(a)(4) of the South Carolina Code (2007), which allows a public body to exempt from disclosure "[m]atters specifically exempted from disclosure by statute or law." Pope filed a motion to alter or amend the circuit court's order, but the circuit court denied the motion. This appeal followed.[6]
**384 STANDARD OF REVIEW
"Any party may move for a judgment on the pleadings under Rule 12(c), SCRCP. When considering such motion, the court must regard all properly pleaded factual allegations as admitted." Falk v. Sadler , 341 S.C. 281, 286, 533 S.E.2d 350, 353 (Ct. App. 2000). "On review of the motion, the court may not consider matters outside the pleadings." Id.
In evaluating a Rule 12(c) motion, the court must consider that "a complaint is sufficient if it states any cause of action or it appears that the plaintiff is entitled to any *446 relief whatsoever. Our courts have held that pleadings in a case should be construed liberally so that substantial justice is done between the parties." Id. at 287, 533 S.E.2d at 353 (quoting Russell v. City of Columbia , 305 S.C. 86, 89, 406 S.E.2d 338, 339 (1991) ). Moreover, "a judgment on the pleadings is considered to be a drastic procedure by our courts." Id. (quoting Russell , 305 S.C. at 89, 406 S.E.2d at 339 ).
LAW/ANALYSIS
I. FOIA Exemption
Pope argues the circuit court erred in concluding her FOIA request was subordinate to discovery rules. She asserts that her status as a defendant in the fiduciary litigation does not affect her rights under FOIA.
Within FOIA, our legislature has found that
it is vital in a democratic society that public business be performed in an open and public manner so that citizens shall be advised of the performance of public officials and of the decisions that are reached in public activity and in the formulation of public policy. Toward this end, provisions of this chapter must be construed so as to make it possible for citizens, or their representatives, to learn and report fully the activities of their public officials at a minimum cost or delay to the persons seeking access to public documents or meetings.
S.C. Code Ann. § 30-4-15 (2007) (emphasis added). Accordingly, our supreme court has stated, "FOIA is remedial in nature and should be liberally construed to carry out its **385 purpose." Evening Post Publ'g. Co. v. Berkeley Cty. Sch. Dist. , 392 S.C. 76, 82, 708 S.E.2d 745, 748 (2011).
In keeping with this construction, "the exemptions in section 30-4-40 are to be narrowly construed so as to fulfill the purpose of FOIA ... 'to guarantee the public reasonable access to certain activities of the government.' To further advance this purpose, the government has the burden of proving that an exemption applies." Evening Post Publ'g. Co. v. City of N. Charleston , 363 S.C. 452, 457, 611 S.E.2d 496, 499 (2005) (citations omitted) (quoting Fowler v. Beasley , 322 S.C. 463, 468, 472 S.E.2d 630, 633 (1996) ); see also Berkeley Cty. Sch. Dist. , 392 S.C. at 83, 708 S.E.2d at 748 ("[T]he exemptions should be narrowly construed to not provide a blanket prohibition of disclosure in order to 'guarantee the public reasonable access to certain activities of the government.' " (emphasis added) (quoting Fowler , 322 S.C. at 468, 472 S.E.2d at 633 )). Moreover, "[t]he determination of whether documents or portions thereof are exempt from FOIA must be made on a case-by-case basis." Berkeley Cty. Sch. Dist. , 392 S.C. at 82, 708 S.E.2d at 748.
In State v. Robinson , our supreme court considered whether FOIA allowed a criminal defendant to obtain certain law enforcement records that were not discoverable under Rule 5(a)(2), SCRCrimP.[7] 305 S.C. 469, 476-77, 409 S.E.2d 404, 409 (1991). The court concluded that FOIA "exempts discovery of material that is not otherwise discoverable under Rule 5(a)(2)," stating that item (3) of section 30-4-40(a) "clearly **386 exempts information regarding pending criminal prosecutions." Id. at 476, 409 S.E.2d at 409.
In discussing the defendant's FOIA request, the court noted the holdings of the United States Supreme Court in John Doe Agency v. John Doe Corp. , 493 U.S. 146, 110 S.Ct. 471, 107 L.Ed.2d 462 (1989) and *447 NLRB v. Robbins Tire and Rubber Co. , 437 U.S. 214, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978) : "In construing the federal FOIA, the United States Supreme Court has held that the FOIA does not supplement or displace the applicable rules of discovery." Robinson , 305 S.C. at 476, 409 S.E.2d at 409 (emphasis added). The court cited Robbins Tire regarding the federal FOIA exemption for certain law enforcement records: "An exemption to disclosure based on 'interference with enforcement proceedings' has been construed to exempt disclosure of any information that would give a party litigant greater access to the government's opposing case." Id. at 476, 409 S.E.2d at 409.[8]
In the present case, the circuit court relied heavily on the above-quoted language from Robinson . Significantly, Robinson and the other opinions on which the circuit court relied invoked a specific exemption listed in FOIA or the federal FOIA to address a legitimate concern of a government agency. In John Doe Agency , the Court examined the applicability of the federal FOIA's exemption for law enforcement records: "In deciding whether Exemption 7 applies, ... a court must be mindful of this Court's observations that the FOIA was not intended to supplement or displace rules of discovery." 493 U.S. at 153, 110 S.Ct. 471.
Further, in Robbins Tire , the Court applied the exemption for law enforcement records when production of those records would interfere with law enforcement proceedings. The Court noted,
The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, **387 needed to check against corruption and to hold the governors accountable to the governed. Respondent concedes that it seeks these statements solely for litigation discovery purposes, and that FOIA was not intended to function as a private discovery tool[.] Most, if not all, persons who have sought prehearing disclosure of Board witnesses' statements have been in precisely this posture-parties respondent in Board proceedings. Since we are dealing here with the narrow question [of] whether witnesses' statements must be released five days prior to an unfair labor practice hearing, we cannot see how FOIA's purposes would be defeated by deferring disclosure until after the Government has [completed the presentation of its case].
437 U.S. at 242, 98 S.Ct. 2311 (citations omitted).
Importantly, the Court acknowledged, "This is not to suggest that respondent's rights are in any way diminished by its being a private litigant, but neither are they enhanced by respondent's particular, litigation-generated need for these materials." Id. n. 23 (emphases added).
The circuit court also relied on United States v. Weber Aircraft Corp. , in which the United States Supreme Court examined "whether confidential statements obtained during an Air Force investigation of an air crash are protected from disclosure by [the federal FOIA exemption for] 'inter-agency or intra-agency memorandums or letters [that] would not be available by law to a party other than an agency in litigation with the agency.' " 465 U.S. 792, 794-95, 104 S.Ct. 1488, 79 L.Ed.2d 814 (1984). The Court held that the two witness statements in question were "unquestionably 'intra-agency memorandums or letters' " and they were privileged with respect to pretrial discovery as confidential statements made to air crash safety investigators pursuant to established federal case law. Id. at 798, 104 S.Ct. 1488. The Court concluded that this privilege brought the statements within the exemption's language "would not be available by law to a party other than an agency in litigation with the agency." Id. at 797-98, 104 S.Ct. 1488.
The Court also reiterated its previous holding that the statutory exemption in question "simply incorporates civil **388 discovery privileges." *448 Id. at 799, 104 S.Ct. 1488. The Court responded to the contention of the FOIA plaintiffs that they could "obtain through the FOIA material that is normally privileged" by stating that such an ability "would create an anomaly in that the FOIA could be used to supplement civil discovery" and noting that the Court has "consistently rejected such a construction of the FOIA." Id. at 801, 104 S.Ct. 1488. The Court further stated, "We do not think that Congress could have intended that the weighty policies underlying discovery privileges could be so easily circumvented." Id. at 801-802, 104 S.Ct. 1488. Again, the discovery policy to which the Court subordinated a citizen's FOIA rights was one recognized by the federal FOIA itself and incorporated into a FOIA exemption.
Based on the foregoing, we conclude that when a citizen in litigation with a governmental agency directs a FOIA request to that agency, the agency must show the applicability of a specific FOIA exemption to each requested public record.[9] If the government invokes the exemption in **389 section 30-4-40(a)(4), "[m]atters specifically exempted from disclosure by statute or law,"[10] to seek protection under discovery rules, it must point to the specific language of a discovery rule that expressly prohibits disclosure of a particular type of record rather than vaguely referencing "discovery rules" or the "South Carolina Rules of Civil Procedure" and lumping all of the requested documents together into one category to justify nondisclosure.[11] See City of N. Charleston , 363 S.C. at 457, 611 S.E.2d at 499 ("[T]he exemptions in section 30-4-40 are to be narrowly construed so as to fulfill the purpose of FOIA ... 'to guarantee the public reasonable access to certain activities of the government.' To further advance this purpose, the government has the burden of proving that an exemption applies." (citations omitted) (quoting Fowler , 322 S.C. at 468, 472 S.E.2d at 633 )); see also Berkeley Cty. Sch. Dist. , 392 S.C. at 83, 708 S.E.2d at 748 ("[T]he exemptions should be narrowly construed to not provide a blanket prohibition of disclosure in order to 'guarantee the public reasonable access to certain activities of the government.' " (emphasis added) (quoting Fowler , 322 S.C. at 468, 472 S.E.2d at 633 )). In sum, we decline to depart from precedent by imposing a blanket prohibition on disclosure whenever the person seeking public records is simultaneously being sued by the public body in possession of those records. *449 Here, the circuit court did not address a specific discovery rule in its order but merely stated that the requested documents "are potentially discoverable documents under pending litigation in Richland/Aiken counties and will be governed by the South Carolina Rules of Civil Procedure." Such a **390 vague assertion comes close to the "blanket prohibition" that our supreme court has cautioned against. See Berkeley Cty. Sch. Dist. , 392 S.C. at 83, 708 S.E.2d at 748 ("[T]he exemptions should be narrowly construed to not provide a blanket prohibition of disclosure in order to 'guarantee the public reasonable access to certain activities of the government.' " (emphasis added) (quoting Fowler , 322 S.C. at 468, 472 S.E.2d at 633 )). Affirming such a conclusion could possibly encourage circuit courts to gloss over what should be a case-specific analysis. See id. at 82, 708 S.E.2d at 748 ("The determination of whether documents or portions thereof are exempt from FOIA must be made on a case-by-case basis."). Therefore, we reverse the circuit court's order granting judgment on the pleadings and remand for further proceedings consistent with this opinion. See Falk , 341 S.C. at 287, 533 S.E.2d at 353 ("[A] complaint is sufficient if it states any cause of action or it appears that the plaintiff is entitled to any relief whatsoever. Our courts have held that pleadings in a case should be construed liberally so that substantial justice is done between the parties." (quoting Russell , 305 S.C. at 89, 406 S.E.2d at 339 )); id. ("[A] judgment on the pleadings is considered to be a drastic procedure by our courts." (quoting Russell , 305 S.C. at 89, 406 S.E.2d at 339 )).
II. Attorney's Fees
Pope argues she is entitled to attorney's fees because the AG violated FOIA by (1) failing to respond to her initial request with a final determination within 15 days, as required by section 30-4-30(c) of the South Carolina Code (2007),[12] (2) refusing to provide documentation satisfying items 1 and 2 until he filed his proposed amended answer on March 7, 2013, and (3) continuing to refuse to provide item 3 of her request even after a federal court concluded that it is a public document.
Section 30-4-100(B) of the South Carolina Code (Supp. 2018) provides,
**391 If a person or entity seeking relief under this section prevails, he may be awarded reasonable attorney's fees and other costs of litigation specific to the request. If the person or entity prevails in part, the court may in its discretion award him reasonable attorney's fees or an appropriate portion of those attorney's fees.
Our supreme court has interpreted this provision to mean that even if a person seeking FOIA relief prevails in full, the circuit court has discretion as to whether to award attorney's fees and costs. See Litchfield Plantation Co. v. Georgetown Cty. Water & Sewer Dist. , 314 S.C. 30, 33, 443 S.E.2d 574, 576 (1994) ("As § 30-4-100(b) provides attorneys' fees may be awarded, the special referee has the discretion to award fees."); see also Sexton , 283 S.C. at 567-68, 324 S.E.2d at 315-16 (holding the circuit court did not abuse its discretion in awarding attorney's fees to the plaintiff "to encourage agencies to comply with FOIA requests" despite the agency's purported good faith reliance on a regulation limiting public access to death certificates, which the court concluded was repugnant to FOIA). Because we are remanding the case for further proceedings, the question of attorney's fees is premature.
CONCLUSION
Based on the foregoing, we reverse the circuit court's order dismissing Pope's complaint and remand for further proceedings consistent with this opinion. In light of this disposition, we need not address Pope's remaining issues. See Futch v. McAllister Towing of Georgetown, Inc. , 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (providing that an appellate court need not address remaining *450 issues when resolution of a prior issue is dispositive).
REVERSED AND REMANDED.
WILLIAMS and HILL, JJ., concur.

Bauknight v. Pope , Civil Action No. 2010-CP-40-4900.

We decline to address the Attorney General's additional sustaining grounds. See I'On, L.L.C. v. Town of Mt. Pleasant , 338 S.C. 406, 420, 526 S.E.2d 716, 723 (2000) ("It is within the appellate court's discretion whether to address any additional sustaining grounds.").

This appointment occurred within the context of complex probate litigation in which then-Attorney General Henry McMaster, now Governor, intervened on behalf of the trust's charitable beneficiaries and directed settlement negotiations resulting in a compromise agreement ultimately invalidated by the supreme court. Id. at 419-22, 432-47, 743 S.E.2d at 751-52, 758-66. Soon after intervening in the case, the Attorney General unsuccessfully opposed the appointment of Pope and Buchanan and later sought their removal. Id. at 419-22, 743 S.E.2d at 751-52.

403 S.C. at 411, 743 S.E.2d at 746.

Rule 12(c) states, "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

Included in Pope's assignments of error is the argument that the circuit court should have granted her summary judgment motion. However, "the denial of a motion for summary judgment is not appealable, even after final judgment." Olson v. Faculty House of Carolina, Inc. , 354 S.C. 161, 168, 580 S.E.2d 440, 444 (2003).

Rule 5(a)(2) states,
Except as provided in paragraphs (A), (B), and (D) of subdivision (a)(1), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal prosecution documents made by the attorney for the prosecution or other prosecution agents in connection with the investigation or prosecution of the case , or of statements made by prosecution witnesses or prospective prosecution witnesses[,] provided that after a prosecution witness has testified on direct examination, the court shall, on motion of the defendant, order the prosecution to produce any statement of the witness in the possession of the prosecution [that] relates to the subject matter as to which the witness has testified; and provided further that the court may upon a sufficient showing require the production of any statement of any prospective witness prior to the time such witness testifies.
(emphasis added).

Citing Robbins Tire , the court added, "The government need not prove the need for nondisclosure on a case-by-case basis." Id. We interpret this statement as specific to the law enforcement records exemption and not FOIA in general, as the court has stated more recently that the "determination of whether documents or portions thereof are exempt from FOIA must be made on a case-by-case basis." Berkeley Cty. Sch. Dist. , 392 S.C. at 82, 708 S.E.2d at 748.

The seriousness with which our appellate courts have viewed FOIA rights in the past is an additional reason for our appellate courts to continue requiring the government to show an exemption. See Sloan v. S.C. Dep't of Revenue , 409 S.C. 551, 554, 762 S.E.2d 687, 688 (2014) (requiring strict compliance with section 30-4-30(c), which requires the agency to issue a final opinion as to the public availability of the requested record within fifteen days of receipt of a FOIA request, and holding the agency's response was equivocal and evasive and, therefore, not a final opinion on the public availability of the requested documents); id. at 553, 762 S.E.2d at 688 (quoting from the agency's response: " 'if we are unable to ... release the requested file(s)[,] you will be notified of the decision,' " and characterizing it as "we will get to it when we get to it"); id. (stating that the response sought to delay the final determination on the public availability of the requested documents and was "manifestly at odds with the clarity mandated by section 30-4-30(c)"); Sloan v. Friends of Hunley, Inc. , 393 S.C. 152, 156-58, 711 S.E.2d 895, 897-98 (2011) (recounting how the defendant's provision of the requested documents mooted the plaintiff's action, interpreting the language "at a minimum cost or delay" in section 30-4-15 and concluding, "Honoring legislative intent as expressed in FOIA by awarding attorney's fees in these circumstances may serve as an impetus for public bodies to comply with a FOIA request and thus avoid the imposition of an attorney's fee award"); Soc'y of Prof'l Journalists v. Sexton , 283 S.C. 563, 567, 324 S.E.2d 313, 315 (1984) (rejecting the defendant's assertion that, even in the absence of an exemption, public policy subordinated disclosure of a murder victim's death certificate and stating, "In the instant case, we find no public policy [that] overrides the goals of FOIA"); Campbell v. Marion Cty. Hosp. Dist. , 354 S.C. 274, 280, 580 S.E.2d 163, 166 (Ct. App. 2003) ("The essential purpose of the FOIA is to protect the public from secret government activity.").

(emphasis added).

We note that in the present case, the AG did not assert an exemption in his initial response to Pope's July 2011 FOIA request. The record indicates the first assertion of an exemption was in a proposed amended answer dated March 7, 2013, nearly twenty months later. This document was attached to the AG's motion to amend his answer, but the circuit court never expressly ruled on this motion.

The statute was amended in 2017 to require a response within ten days unless the record is more than two years old.