**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Joni B. Wortkoetter, as Personal Representative of the Estate of Larry Bright, Appellant,

v.

Heather D. Davis and MidFirst Bank, Respondents.

Appellate Case No. 2021-000516

---

Appeal From Spartanburg County
Gordon G. Cooper, Master-in-Equity

---

Unpublished Opinion No. 2023-UP-053
Submitted January 1, 2023 – Filed February 8, 2023

---

**REVERSED**

---

Richard H. Rhodes and William Hardwick Rhodes, both of Burts Turner & Rhodes, of Spartanburg; and Ronald G. Bruce, of Greer, all for Appellant.

Daniel Roper Hughes and J. Alexander Zimmerman, both of Duggan & Hughes, LLC, of Greer, for Respondent Heather D. Davis.

Magalie A. Creech, of Charleston, for Respondent MidFirst Bank.

---

**PER CURIAM:**  Joni B. Wortkoetter, as Personal Representative of the Estate of Larry Bright (Appellant), appeals the master-in-equity's (the master's) order granting Heather Davis's motion for judgment on the pleadings.  On appeal, Appellant argues the master erred in granting Davis's motion because (1) the facts surrounding the case were not before the court; (2) the circuit court, simultaneously with referring the case to the master, ruled that the motion would be deferred until discovery could be completed; (3) the master did not view the pleadings in a light most favorable to Bright; (4) the master did not view the facts in a light most favorable to Bright; (5) the facts of the case, as shown in the Rule 59(e), SCRCP, motion, demonstrate that judgment on the pleadings should not have been granted; and (6) the unrefuted affidavits and documents filed by Bright showed that reformation of the deed should have been granted.  Appellant also asserts the master erred in holding section 15-3-340 of the South Carolina Code (2005) was a basis for granting judgment on the pleadings when Bright sought to reform a deed, Bright never abandoned the property, and Davis failed to cite the statute in her pleading or request the master to rely on the statute.  We reverse.

We hold the master erred in granting Davis's motion for judgment on the pleadings based on laches because the record, at this early stage, does not support the finding.[1]  *See Falk v. Sadler*, 341 S.C. 281, 286, 533 S.E.2d 350, 353 (Ct. App. 2000) ("Any party may move for a judgment on the pleadings under Rule 12(c), SCRCP."); *id.* (stating that when considering a motion for judgment on the pleadings, "the court must regard all properly pleaded factual allegations as admitted"); *Pope v. Wilson*, 427 S.C. 377, 384, 831 S.E.2d 442, 445-46 (Ct. App. 2019) ("In evaluating a Rule 12(c) motion, the court must consider that 'a complaint is sufficient if it states any cause of action or it appears that the plaintiff is entitled to any relief whatsoever.'" (quoting *Falk*, 341 S.C. at 287, 533 S.E.2d at 353)); *Falk*, 341 S.C. at 287, 533 S.E.2d at 353 (stating appellate courts have "held that pleadings in a case should be construed liberally so that substantial justice is done between the parties" (quoting *Russell v. City of Columbia*, 305 S.C. 86, 89, 406 S.E.2d 338, 339 (1991))); *id.* ("[A] judgment on the pleadings is considered to be a drastic procedure by our courts." (quoting *Russell*, 305 S.C. at 89, 406 S.E.2d at 339)); *Emery v. Smith*, 361 S.C. 207, 215, 603 S.E.2d 598, 602 (Ct. App. 2004)

---

[1] We are mindful that the master's consideration of affidavits when determining whether to grant Bright's motion for reconsideration could have converted the motion into one for summary judgment.  However, even if we considered the master's ruling as a grant of summary judgment, it would not affect our resolution of this appeal.

("Laches is neglect for an unreasonable and unexplained length of time, under circumstances affording opportunity for diligence, to do what in law should have been done." (quoting *Mid-State Trust, II v. Wright*, 323 S.C. 303, 307, 474 S.E.2d 421, 423 (1996))); *id.* ("The party seeking to establish laches must show (1) delay, (2) unreasonable delay, and (3) prejudice."); *id.* at 216, 603 S.E.2d at 602 ("[T]he determination of whether laches has been established is largely within the discretion of the trial court.").

We also hold the master erred in granting Davis's motion for judgment on the pleadings based on section 15-3-340 because Bright had possession of the property at issue within ten years of the commencement of the action.  *See Falk*, 341 S.C. at 286, 533 S.E.2d at 353 ("Any party may move for a judgment on the pleadings under Rule 12(c), SCRCP."); *id.* (stating that when considering a motion for judgment on the pleadings, "the court must regard all properly pleaded factual allegations as admitted"); *Pope*, 427 S.C. at 384, 831 S.E.2d at 445-46 ("In evaluating a Rule 12(c) motion, the court must consider that 'a complaint is sufficient if it states any cause of action or it appears that the plaintiff is entitled to any relief whatsoever.'" (quoting *Falk*, 341 S.C. at 287, 533 S.E.2d at 353)); *Falk*, 341 S.C. at 287, 533 S.E.2d at 353 (stating appellate courts have "held that pleadings in a case should be construed liberally so that substantial justice is done between the parties" (quoting *Russell*, 305 S.C. at 89, 406 S.E.2d at 339)); § 15-3-340 ("No action for the recovery of real property or for the recovery of the possession of real property may be maintained unless it appears that the plaintiff . . . was seized or possessed of the premises in question within ten years before the commencement of the action.").

Finally, as to Appellant's argument that the master improperly overruled the circuit court when ruling on Davis's motion, we hold this argument is not preserved for review because Bright did not raise it to the master.  *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review.").

**REVERSED.**[2]

**KONDUROS, HEWITT, and VINSON, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.